IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA GARZA, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| NCO FINANCIAL SYSTEMS, INC. | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Brenda Garza ("Plaintiff"), is a natural person residing in Fort Bend County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with collection of an alleged debt in default, Defendant called Plaintiff's mother's residential telephone line on June 29, 2011 at 6:41 P.M., and at such time, left a voicemail message in which Defendant disclosed the existence of a debt allegedly owed by Plaintiff.

14. Defendant again called Plaintiff's mother's residential telephone line on July 7, 2011 at 9:40 A.M., and at such time, left a voicemail message in which Defendant disclosed the existence of a debt allegedly owed by Plaintiff.

15. Defendant again called Plaintiff's mother's residential telephone line on July 12, 2011 at 5:11 P.M., and at such time, left a voicemail message in which Defendant disclosed the existence of a debt allegedly owed by Plaintiff.

16. Defendant again called Plaintiff's mother's residential telephone line on July 13, 2011 at 11:39 A.M., and at such time, left a voicemail message in which Defendant disclosed the existence of a debt allegedly owed by Plaintiff.

17. Defendant again called Plaintiff's mother's residential telephone line on July 15, 2011 at 8:28 A.M., and at such time, left a voicemail message in which Defendant disclosed the existence of a debt allegedly owed by Plaintiff.

18. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

21. Plaintiff repeats and re-alleges each and every allegation above.

22. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated the TDCPA;

  b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

  c) Awarding Plaintiff actual damages pursuant to the TDCPA;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—DTPA

23.  Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

24.  A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

25.  Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

   b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on October 10, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz
